UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00053-GNS

ROGER PATEL et al.                                                                                  PETITIONERS

v.

CHANDRESH PATEL et al.                                                                          RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondents' Motions to Dismiss (DN 23, 28), Petitioners' Motion for Leave to File Second Amended Petition (DN 38), and Respondents' Motion for Joinder (DN 46). The motions are ripe for adjudication.

**I.     BACKGROUND**

This is a civil action arising out of an international estate dispute. Petitioners Roger Patel ("Roger"), Deviben Patel ("Deviben"), and Greg Patel ("Greg"), as attorney-in-fact for Deviben, Rita L. Patel ("Rita"), and Usha Patel ("Usha") (collectively, "Petitioners"), allege that Respondents Chandresh Patel ("Chandresh"), Maheshbhai Patel ("Maheshbhai"), Narendra A. Patel ("Narendra"), Mangubhai Patel ("Mangubhai"), Bhulabhai R. Patel ("Bhulabhai"), and Amrut Patel ("Amrut") (collectively, "Respondents") participated in the forgery and false notarization of two documents—an "Agreement to Delete Names from Joint Ownership" (the "Agreement") and the "Last Will and Testament of Laxmiben[1] Dahyabhai Patel" (the "Will"). (1st Am. Pet. ¶ 1, DN 16).

---

[1] In all documents filed by Petitioners, the name "Laxmiben" appears to be incorrectly spelled as "Laxmiden". Various exhibits attached by both Petitioners and Respondents use the name Laxmiben, which will be used here. (Resp'ts' Mot. Dismiss Ex. 1, at 2, DN 10-2; Pet'rs' Mot. Leave File 1st Am. Pet. Ex. G, at 1, DN 11-8).

1

Petitioners allege that they are heirs of Dahyabhai Patel ("Dahyabhai") and his wife, Jeliben Patel ("Jeliben"), and claim ownership interests in real estate located in the Republic of India (the "Property") which is the subject of ongoing partition litigation in that country. (1st Am. Pet. ¶¶ 16, 21). Deviben is alleged to be the only surviving daughter of Dahyabhai and Jeliben, and asserts a 20% ownership interest in the Property. (1st Am. Pet. ¶¶ 17, 19). Roger Rita and Usha Patel are the children of Dahyabhai's deceased son, Lallubhai Patel ("Lallubhai"), and claim an undivided interest in their father's 40% share. (1st Am. Pet. ¶ 18). Greg is the son of Deviben and acts as her attorney-in-fact. (1st Am. Pet. ¶ 5).

Laxmiben Patel ("Laxmiben") was a daughter of Dahyabhai and Jeliben and allegedly held a 20% share in the Property. (1st Am. Pet. ¶ 40). The Will purports to leave her interest to four male grandchildren of Dahyabhai—Narendra, Bhulabhai, and Amrut—who are also said to have witnessed the signing of the document. (1st Am. Pet. ¶ 37). Petitioners, however, allege that the Will was not properly signed, acknowledged, or witnessed, and is invalid under Kentucky law. (1st Am. Pet. ¶ 42).

Additionally, Petitioners allege that on or around June 1, 2010, Chandresh notarized the Agreement, which bears the signatures of Rita, Usha, and Deviben—signatures that Petitioners contend are forged. (1st Am. Pet. ¶¶ 29-30). Petitioners allege that the Agreement was falsely certified as executed in the presence of the notary, and that the three Petitioners did not sign the document at all. (1st Am. Pet. ¶ 30).

Finally, Petitioners assert that both the Will and Agreement have been submitted in litigation in India and relied upon to defeat Petitioners' claims to title in that jurisdiction. (1st Am. Pet. ¶¶ 1, 31, 40). Petitioners claim that Chandresh's father, Maheshbhai, served as the surety for Chandresh's notary bond and is jointly liable for Chandresh's alleged misconduct. (1st

Am. Pet. ¶ 52). Petitioners allege that all six Respondents knowingly participated in a conspiracy to deprive them of their ownership rights. (1st Am. Pet. ¶¶ 49-50).

Petitioners filed this action asserting claims of fraud, civil conspiracy, and willful misconduct, seeking declaratory relief and damages related to the alleged acts. (1st Am. Pet. ¶¶ 27-57). Chandresh and Maheshbhai moved to dismiss the 1st Amended Petition under Rule 12(b)(6), arguing that the notarized documents were valid under Kentucky law and that the claims based on those documents failed as a matter of law. (Resp'ts' Mot. Dismiss, DN 23). Narendra, Mangubhai, Bhulabhai, and Amrut separately moved to dismiss the 1st Amended Petition under Rules 12(b)(2) and 12(b)(6), asserting a lack of personal jurisdiction and challenging the sufficiency of Petitioners' claims. (Resp'ts' Mot. Dismiss 1st Am. Pet., DN 28). Petitioners then moved for leave to file a 2nd Amended Petition, seeking to add new claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Hague Apostille Convention ("Apostille Convention") based on legal theories arising out of additional factual developments.[2] (Pet'rs' Mot. Leave File 2d Am. Pet. 2-3, DN 38). Finally, Chandresh and Maheshbhai moved to join the other Respondents' response to Petitioners' motion for leave. (Resp'ts' Mot. Joinder 1-2, DN 46).

## II. DISCUSSION

### A. Petitioners' Motion for Leave to File Second Amended Petition

As established, Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave, and that "[t]he court should freely give leave when justice so

---

[2] In their motion for leave, Petitioners propose to bring their RICO claim under 18 U.S.C. § 1654. (Pet'rs' Mot. Leave File 2d Am. Pet. 3). This appears to be a mistake, as that statute pertains to arming or serving privateers. 18 U.S.C. § 1654(a). This statute is never again mentioned by either Petitioners or Respondents following this initial usage.

3

requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that this rule reflects a liberal amendment policy aimed at resolving cases on the merits. *See Foman*, 371 U.S. at 182.

In applying Fed. R. Civ. P. 15, the Sixth Circuit has recognized that leave to amend may be denied where there are issues present such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (discussing the context behind granting or dismissing motions to amend).

An amendment is considered futile if "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* at 419 (citation omitted). Accordingly, the same pleading standard applies as in a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

      **1.**     ***Apostille Convention (Count VII)***

Count VII of the proposed 2nd Amended Petition seeks a declaration that the two notarized documents do not comply with the procedural requirements of the Apostille Convention. (Proposed 2d Am. Pet. ¶¶ 58-69). The Apostille Convention, as implemented by the United States, governs the certification process by which public documents issued in one signatory state may be authenticated for use in another. Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents, Oct. 5, 1961, 527 U.N.T.S. 7625. Because the Apostille Convention is a procedural treaty that merely standardizes document authentication without conferring individual rights or remedies, and because treaties of this type do not give rise to privately enforceable claims absent implementing legislation, it does not

create a private cause of action. *See Breard v. Greene*, 523 U.S. 371, 372 (1998) (holding that treaty provisions concerning consular notice and access do not create privately enforceable rights where not self-executing or implemented by statute).

At the pleading stage, this theory presents a plausible basis for declaratory relief. The claim rests on the assertion that the documents were improperly notarized and lack the apostille certification required under federal and state procedure for international recognition. (Proposed 2d Am. Pet. ¶¶ 59, 63-64, 67-68). That allegation, if accepted as true, gives rise to a justiciable dispute about whether those documents satisfy U.S.-based procedural formalities for international use, as federal courts have the authority to interpret a self-executing treaty and to assess whether U.S. actors complied with that treaty's terms. *See Medellín v. Texas*, 552 U.S. 491, 504-05 (2008).

To the extent Respondents argue that the validity or effect of those documents in India is beyond this Court's jurisdiction, that concern is not controlling at this stage. (Resp'ts' Resp. Pet'rs' Mot. Leave File 2d Am. Pet. 5). Petitioners are not asking the Court to interpret Indian law or to direct a foreign court's evidentiary rulings. (Pet'rs' Reply Mot. Leave File 2d Am. Pet. 8). Instead, they ask whether, under U.S. law, these documents were properly certified for international use. (Proposed 2d Am. Pet. ¶ 66; Pet'rs' Reply Mot. Leave File 2d Am. Pet. 8-9). That question, being both narrow in nature and domestically focused, is capable of resolution without venturing into foreign legal systems.

While it is not clear at this juncture whether this claim will ultimately succeed or entitle Petitioners to any actual relief, that is neither the controlling standard nor concern at this stage. The question is whether the amendment would survive a motion to dismiss. Because Count VII

presents a plausible basis for declaratory relief on a narrow procedural issue within federal jurisdiction, it is not futile.

### 2.     *RICO (Count VIII)*

Count VIII of the proposed 2nd Amended Petition alleges a RICO violation, asserting that Respondents engaged in a pattern of racketeering activity designed to divest Petitioners of the Property in India by means of forged and fraudulently notarized documents. (Proposed 2d Am. Pet. ¶¶ 70-84).  The alleged predicate acts include three distinct instances of notarizing or transmitting forged property documents in Kentucky, which Petitioners claim support violations of 18 U.S.C. §§ 1028, 1341 (mail fraud), and 1343 (wire fraud). (Pet'rs' Reply Mot. Leave File 2d Am. Pet. 6; Proposed 2d Am. Pet. ¶¶ 78-82).  To make a viable RICO claim, a petitioner must allege:  (1) two or more predicate acts of racketeering activity; (2) the existence of an enterprise affecting interstate or foreign commerce; (3) a connection between the racketeering activity and the conduct of the enterprise's affairs; and (4) an injury to the petitioner's business or property by reason of the RICO violation.  *See Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993).  A RICO predicate act must fall within the statutory list provided in 18 U.S.C. § 1961(1), and must be pleaded with sufficient factual particularity to satisfy Rule 12(b)(6).  *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Here, the proposed amendment identifies three discrete actions:  (1) the alleged forgery of the 2010 Agreement through false notarization by Chandresh; (2) the alleged fraudulent execution and notarization of the 2010 Will; and (3) the alleged use of the 2019 notarized deed alongside extortion attempts via electronic messaging and mailed documents to effect a fraudulent land transfer. (Proposed 2d Am. Pet. ¶¶ 80-82).

The first two acts, notarization of allegedly forged documents, do not clearly implicate any predicate act recognized by Section 1961(1) unless they are tied to one of the enumerated statutory offenses under Section 1028—such as fraud in connection with identification documents. Petitioners argue that false notarizations constitute violations of Section 1028(a)(1)-(2) when the notarial certificate operates as an "authentication feature" used to support a fraudulent document. (Pet'rs' Reply Mot. Leave File 2d Am. Pet. 3-5). As noted by the Petitioners, this argument has been accepted by at least two courts in the **criminal** context. *See Sardariani*, 754 F.3d at 1121; *McBride*, 622 F. App'x at 247. Whether the same principle applies in a civil RICO context, however, is less settled, and no Sixth Circuit precedent has adopted that interpretation. However, given that Section 1028 is expressly listed in Section 1961(1) and Petitioners have alleged that Kentucky notarial certificates were used to validate forged documents for foreign use, the claim may be plausible at the pleading stage, as there is at least some precedent from jurisdictions which have dealt with this specific issue indicating its validity. (Proposed 2d Am. Pet. ¶¶ 78-79; Pet'rs' Reply Mot. Leave File 2d Am. Pet. 5).

The third act, transmission of deed copies by electronic message and interstate mail, plausibly implicates mail and wire fraud. Petitioners claim that after the sale, Mangubhai sent Greg photos of the forged deed, and Bhulabhai sent physical copies by commercial mail. (Pet'rs' Reply Mot. Leave File 2d Am. Pet. 6; Patel Aff. ¶ 4). These actions, if undertaken in furtherance of a fraudulent scheme to obtain the Property, may be sufficient under the Supreme Court's standard that mailings "incident to an essential part of the scheme" to satisfy Section 1341. *See Schmuck*, 489 U.S. at 710-11. Similarly, electronic messages used to carry out or conceal a fraudulent transaction may fall within Section 1343. *See United States v. Warshak*, 631 F.3d 266, 310 (6th Cir. 2010).

7

Respondents argue, however, that the allegations do not show extortion or threats of force and fail to tie the notarizations to an actionable scheme. (Resp'ts' Resp. Pet'rs' Mot. Leave File 2d Am. Pet. 6-7). RICO does not require extortion; rather, it requires at least two predicate acts and at this stage, Petitioners have alleged three acts under Section 1028, Section 1341, and Section 1343. Each is enumerated in Section 1961(1), and each is alleged with factual detail, including dates, participants, and documentation. (Proposed 2d Am. Pet. ¶¶ 70-84; Pet'rs' Reply Mot. Leave File 2d Am. Pet. 6; Patel Aff. ¶¶ 3-7).

Taken as true, the pleadings also plausibly allege a coordinated effort among the five Respondents' relatives to use U.S.-generated fraudulent documents to seize Indian land and a pattern of racketeering over a decade. (Proposed 2d Am. Pet. ¶¶ 73-75). With consideration given to the plausibility that the multiple Respondents acted with a common purpose, over the course of an extended period of time, the alleged conduct potentially established the criminal conduct required by RICO as opposed to being merely a private disagreement as Respondents have argued.

Whether the alleged conduct ultimately satisfies the statutory definitions and evidentiary burden of a civil RICO claim is not the question at hand. Because Petitioners have identified statutorily enumerated predicate offenses, described their role in a broader scheme, and alleged harm, Count VIII is not futile under Fed. R. Civ. P. 15.

For these reasons, Petitioners' motion is granted.

**B.    Respondents' Motion for Joinder**

Chandresh and Maheshbhai moved to both join the other Respondents' response (DN 44) to Petitioners' motion for leave. (Resp'ts' Mot. Joinder 1-2, DN 46). The Court being sufficiently advised, this motion is granted.

### C. Respondents' Motions to Dismiss

Finally, Respondents moved to dismiss the 1st Amended Petition on various grounds. (Resp'ts' Mot. Dismiss, DN 23; Resp'ts' Mot. Dismiss, DN 28). Because the allegations in the 2nd Amended Petition subsumed the allegations in the prior pleading, these motions are denied as moot, and Respondents may raise any Fed. R. Civ. P. 12(b) defenses to the 2nd Amended Petition. *See Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038, at *2 (W.D. Ky. Aug. 2, 2019); *Herran Props., LLC v. Lyon Cnty. Fiscal Ct.*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioners' Motion for Leave to File Second Amended Petition (DN 38) is **GRANTED**, and the Second Amended Petition (DN 38) shall be filed.

2. Respondents' Motion for Joinder (DN 46) is **GRANTED**.

3. Respondents' Motions to Dismiss (DN 23, 28) are **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

August 20, 2025

cc: counsel of record