UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00053-GNS

ROGER PATEL et al.                                                                    PETITIONERS

v.

CHANDRESH PATEL et al.                                                             RESPONDENTS

**SHOW CAUSE ORDER**

In reviewing Petitioners' Response to Respondents' Motion to Dismiss (DN 61) the Court has identified a series of citations and quotations that appear to be generative artificial intelligence ("AI") hallucinations.  In particular, the identified cases, citations, and/or quotations include:

- Page 8 - *Cummings v. Pitman*, 239 F.3d 463, 466-67 (6th Cir. 2000).
- Page 19 - *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995):  "issues of intent and knowledge are questions of fact not appropriate for resolution on a motion to dismiss."
- Page 20 - *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005):  "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."
- Page 21 - *Yegiazaryan v. Smagin*, 599 U.S. 533, 542 (2023) (rejecting "a categorical rule that injury to foreign property is necessarily foreign")
- Page 24 - *Reiter v. Sonotone Corp.*, 442 U.S. 330, 338 (1979):  "any valuable right considered as a source or element of wealth."

Accordingly, **IT IS HEREBY ORDERED** that Petitioners' counsel shall **SHOW CAUSE** in writing by **June 9, 2026**, why they should not be sanctioned pursuant to Fed. R. Civ. P. 11(b)(2) and (c), and the inherent power of the Court, for providing false citations, attributing apparently fictitious quotations to court decisions, and misrepresenting the holdings of various cases, apparently in reliance on AI-generated content.  *See, e.g.*, *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 462 (S.D.N.Y. 2023); *see also Seither & Cherry Quad Cities, Inc. v. Oakland*

1

*Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) ("The court also notes that the mere fact that the cases themselves that counsel cited were not fictitious (rather, only the quotes or parentheticals) does not help matters; if anything, it highlights the risks of AI usage and reliance on these tools. When a case cite is 'real,' an attorney, or for that matter a judge, might see a case they recognize and assume the quote or holding has been accurately represented, where a case that an attorney does not recognize might, at least at first blush, trigger more exacting scrutiny."); Ky. Bar Ass'n, Ethics Op. E-457 (2024) (noting the ethical duty of attorneys "to review court rules and procedures as they relate to the use of AI, and to review all submissions to the Court that utilized Generative AI to confirm the accuracy of the content of those filings"). The submission shall include sworn declarations by both Mr. Thomas and Ms. Jocelyn and shall provide, among other things, a thorough explanation of how the referenced portions of Petitioners' response came to cite case(s) that do not exist, cite quotations that do not exist, and cases that do not stand for the propositions cited, and what role, if any, Mr. Thomas and Ms. Jocelyn individually played in drafting or reviewing the response before it was filed.

**Greg N. Stivers, Judge**
**United States District Court**
May 28, 2026

2