UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00053-GNS

ROGER PATEL et al.                                                          PETITIONERS

v.

CHANDRESH PATEL et al.                                                     RESPONDENTS

## MEMORANDUM OPINION AND ORDER

In reviewing Petitioners' Response to Respondents' Motion to Dismiss (DN 61), the Court identified a series of citations and quotations that appear to be generative artificial intelligence ("AI") hallucinations. Petitioners' counsel—Daniel N. Thomas and Mary E. Jocelyn—were ordered to show cause why they should not be sanctioned pursuant to Fed. R. Civ. P. 11(b)(2) and (c), and the inherent power of the Court. (Show Cause Order, DN 65).

Fed. R. Civ. P. 11 requires lawyers to certify that their "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction upon any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Whether to impose sanctions under Fed. R. Civ. P. 11 "is a matter of judicial discretion." *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 3400714, at *14 (E.D. Mich. July 11, 2014) (collecting federal authorities). The Advisory Committee Notes to Rule 11 list several factors for a Court to consider before imposing sanctions:

> Whether the improper conduct was willful, or negligent; whether it was part of a
> pattern of activity, or an isolated event; whether it infected the entire pleading, or

1

> only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

*Rose v. Washington*, No. 2:16-CV-00242, 2021 WL 3177307, at *2 (W.D. Mich. June 28, 2021), *aff'd*, No. 21-2764, 2023 WL 9316268 (6th Cir. Nov. 1, 2023).

Sanctions under Fed. R. Civ. P. 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "Referral of offending counsel for disciplinary action is also a permissible sanction." *Reaves Law Firm, PLLC, v. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, No. 2:25-CV-2623-SHL-ATC, 2026 WL 1557552, at *2 (W.D. Tenn. June 2, 2026) (citing *King v. Whitmer*, 71 F.4th 511, 533 (6th Cir. 2023)).

"Courts routinely impose Rule 11 sanctions for the submission of fabricated authority." *Nai v. Nat'l Asset Mortg., LLC*, No. 1:24-CV-666, 2026 WL 679101, at *2 (W.D. Mich. Mar. 11, 2026). At this point, it "is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025) (citation omitted). "[A]ttorneys who choose to use artificial-intelligence tools must do so in a manner consistent with their ethical obligations," including their "obligation to verify the citations and propositions they submit to courts." *United States v. Farris*, 171 F.4th 920, 922-23 (6th Cir. 2026). Otherwise, attorney misuse of AI may result in a

"significant use of judicial resources to investigate the suspected artificial-intelligence improprieties [and] coordinate a response." *Id.* at 923.

Sister courts have readily imposed sanctions when attorneys continue to rely on nonexistent citations after being put on notice or have a history of similar misconduct. *See, e.g., Kettering Adventist Healthcare v. Collier*, No. 3:25-CV-273, 2026 WL 523117, at *5 (S.D. Ohio Feb. 25, 2026). Sanctions may be significant; for example, district courts have imposed monetary sanctions of up to $6,000 for hallucinated citations. *Safe Choice, LLC v. City of Cleveland*, No. 1:24-CV-02033-PAB, 2025 WL 3029553, at *4 (N.D. Ohio Oct. 30, 2025) (citation omitted).

In this instance, Mr. Thomas and Ms. Jocelyn each submitted a written declaration in response to the Court's show cause order. (Thomas Decl., DN 66-1; Jocelyn Decl. DN 66-2). The Court finds their explanations satisfactory and their apologies genuine. Given that Mr. Thomas and Ms. Jocelyn's use of improper citations and quotations was not intentional and, to the Court's knowledge, neither attorney has a history of misconduct,[1] a warning is a sufficient deterrent in this case. Mr. Thomas and Ms. Jocelyn are admonished to ensure that these errors are not repeated.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Show Cause Order (DN 65) has been satisfied and the Court declines to impose sanctions.

Greg N. Stivers, Judge
United States District Court
July 7, 2026

cc:    counsel of record

---

[1] *See Find a Lawyer*, Kentucky Bar Association, https://kybar.org/For-Public/Find-a-Lawyer (last accessed July 6, 2026).

3